UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO FIGUEROA, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONNER LOGISTICS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **1:19-cv-01004-NONE-BAM**<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT<br><br>(Doc. No. 21.) |

FINDINGS AND RECOMMENDATIONS

1

On June 26, 2020, the Court held a hearing on the motion of Plaintiff Ubaldo Figueroa ("Plaintiff") for preliminary approval of the parties' proposed class settlement, approval of the notice to be sent to the class about the settlement, and the setting of a date for the hearing on final approval of the settlement. Motschiedler, Michaelides, Wishon, Brewer & Ryan LLP appeared as counsel for defendant Conner Logistics, Inc. ("Defendant") and Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for Plaintiff.  The Court, having carefully considered the briefs, argument of counsel and all matters presented to the Court, and good cause appearing, hereby RECOMMENDS that Plaintiff's Motion for Preliminary Approval of Class Action Settlement be GRANTED, subject to the following findings:

1. The Court recommends preliminarily approval of the Joint Stipulation of Class Settlement and Release of Claims (the "Stipulation" or "Settlement") attached as Exhibit #1 to the Declaration of Norman Blumenthal in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.  This is based on the Court's preliminary determination that the settlement agreement is within the range of possible final approval.

2. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), the Defendant caused the mailing of the CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides at the time of CAFA Notice according to Defendant's records and as updated following a National Change of Address search.  Accordingly, the Court finds that Defendant has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

3. Pursuant to the Stipulation, the Court recommends that the Class be conditionally certified for settlement purposes only.  The Class is defined as all individuals who were California residents who worked for Defendant, Conner

Logistics, Inc. in California as truck drivers at any time during the Class Period. The Class Period is August 11, 2011 and up to and including July 11, 2016.

4. Pursuant to the Stipulation, the Court recommends that the FLSA collective action be certified for settlement purposes only. The "FLSA Opt-In Members" are defined as those Participating Class Members who worked for Defendant during the period August 11, 2012 to July 11, 2016 and who timely execute and return the FLSA Consent Form. For the same reasons as the Court finds the requirements for certification are met, the Court similarly finds, for settlement purposes only, the requirements of 29 U.S.C. section 216(b) for conditional certification of this FLSA collective action as to the FLSA Opt-In Members are satisfied.

5. It appears to the Court on a preliminary basis that the settlement amount and terms are fair, adequate and reasonable as to all potential Class Members and FLSA Opt-In Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and in light of the defendant's financial condition. It further appears that investigation and research have been conducted such that counsel for the parties are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

6. The Court preliminarily finds that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the monetary settlement awards made available to Class Members and FLSA Opt-In Members is

fair, adequate, and reasonable when balanced against the probable outcome of further litigation relating to certification, liability, and damages issues, and in light of the defendant's financial condition.

7. The Court finds that, for settlement purposes only, the Class meets the requirements for certification under F.R.C.P. rule 23 in that: (a) the Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) common questions of law and fact predominate, and there is a well-defined community of interest amongst the members of the Class with respect to the subject matter of the litigation; (c) the claims of the named plaintiff are typical of the claims of the members of the Class; (d) the Class Representative will fairly and adequately protect the interests of the members of the Class; (e) a class action is superior to other available methods for the efficient adjudication of this controversy; and (f) counsel for the Class is qualified to act as counsel for the Class.

8. The Court recommends that Plaintiff Ubaldo Figueroa be provisionally appointed as the representative of the Class and FLSA members.

9. The Court recommends that Blumenthal, Nordrehaug & Bhowmik be provisionally appointed as Class Counsel.

10. The Court recommends that the Notice of Pendency Class Action Settlement and Hearing Date for Court Approval ("Class Notice"), attached to the Stipulation as Exhibit A, be approved as to form and content.  The Court finds that the Class Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement, of the Class Members' right to be excluded from the Class by submitting a written opt-out request, and of each Class Members' right and opportunity to object to the Settlement.  The Court further finds that the distribution of the Class Notice substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is

the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.  The Court also recommends that the FLSA Consent Form in the form attached to the Stipulation as <u>Exhibit D</u> be approved and the Court order the mailing of the Notice Materials by first class mail, pursuant to the terms set forth in the Stipulation.

  11. The Court recommends appointing KCC Class Action Services as Settlement Administrator.

  12. The Court recommends that the proposed procedure for exclusion from the Settlement be preliminarily approved.  Any Class Member may choose to opt out of and be excluded from the Class as provided in the Class Notice by following the instructions for requesting exclusion from the Class that are set forth in the Class Notice.  All requests for exclusion must be postmarked or received by the deadline set forth in the Class Notice.  Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Any Class Member who does not submit a valid request for exclusion will receive a Settlement Share and shall be bound by all determinations of the Court, the Stipulation and Judgment.

  13. The Court recommends that a final approval hearing be set before the Honorable Barbara A. McAuliffe on **January 15, 2021** at <u>9:00 a.m.</u> in Courtroom 8 of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether an Order Granting Final Approval should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to

FINDINGS AND RECOMMENDATIONS

the Class Members; and to finally approve Class Counsel's fees and litigation costs, Plaintiff's service award, and the Settlement Administrator's expenses.

14. The Court recommends preliminarily approving the proposed procedure for objecting to the Settlement. Any Class Member who wishes to comment on or object to the Settlement, the attorneys' fees and costs, and/or the proposed Class Representative Service Payments has until 45 days after the mailing of the Class Notice to submit his or her written comment or objection pursuant to the procedures set forth in the Class Notice. Class Counsel must file their application for the attorneys' fees and costs no later than 14 days prior to the end of the objection period, and the application will be heard at the Final Approval Hearing.

15. No Class Member shall be entitled to be heard at the final approval hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the final approval hearing, unless written notice of the Class Member's intention to appear at the final approval hearing were timely submitted as provided in the Notice. Class Members who fail to timely submit written objections in the manner specified in the Notice shall be deemed to have waived any objections and shall be foreclosed from making any written objection to the Settlement.

16. The Court reserves the right to adjourn or continue the date of the final approval hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and

recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 10, 2020**                              /s/ Barbara A. McAuliffe            
                                                        UNITED STATES MAGISTRATE JUDGE

FINDINGS AND RECOMMENDATIONS