**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Piya Mukherjee (State Bar #274217)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO FIGUEROA, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONNER LOGISTICS, INC., a California Corporation; and Does 1 through 50, Inclusive,<br><br>Defendant. | CASE No. **1:19-cv-01004-NONE-BAM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS AND SERVICE AWARD**<br><br>Hearing Date: January 15, 2021<br>Hearing Time: 9:00 a.m.<br><br>Magistrate Judge:<br>Hon. Barbara A McAuliffe<br>Robert E. Coyle U.S. Courthouse,<br>Courtroom 8 (BAM), 6th Floor |

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  THE ATTORNEYS' FEES REQUESTED ARE FAIR AND
     REASONABLE AND SHOULD BE APPROVED . . . . . . . . . . . . . . . . . . . . 2

III. CLASS COUNSEL'S FEE AWARD IS PROPERLY CALCULATED
     AS A PERCENTAGE OF THE TOTAL VALUE CREATED FOR THE
     BENEFIT OF THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.   The Award is Supported By 1) the Results Achieved; 2) the Risk,
          3) the Skill Required, 4) the Contingent Nature of the Fee and
          5) Awards In Similar Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          1.   The Results Achieved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          2.   Risks of Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          3.   The Skill Required and the Quality of Work . . . . . . . . . . . . . . . 9

          4.   The Contingent Nature of the Fee and the Financial Burden . . . 10

          5.   Awards in Similar Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

          6.   The Reaction of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     B.   The Fee Award Is Also Supported by Class Counsel's Lodestar . . . . . 14

     C.   Class Counsel's Costs Were Reasonably Incurred . . . . . . . . . . . . . . . 16

     D.   The Class Representative Should Receive the Requested Service
          Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# <u>TABLE OF AUTHORITIES</u>

<u>Cases:</u>

*Behrens v. Wometco Enterprises, Inc.*,
118 F.R.D. 534 (S.D.Fla. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Birch v. Office Depot, Inc.*,
2007 U.S. Dist. LEXIS 102747 (S.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . 12

*Boeing Co. v. Van Gemert*
444 U.S. 472 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bond v. Ferguson Enterprises, Inc.*,
2011 U.S. Dist. LEXIS 70390 (E.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . 12

*Brinker Restaurant Corp. v. Superior Court*,
53 Cal. 4th 1004 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 9

*Brulee v. Dal Global Servs.*,
2018 U.S. Dist. LEXIS 211269 (C.D. Cal. 2018) . . . . . . . . . . . 2, 12, 15, 17

*Chavez v. Netflix, Inc.*,
162 Cal.App.4th 43 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 16

*Cicero v. DirecTV, Inc.*,
2010 U.S. Dist. LEXIS 86920; 2010 WL 2991486 (C.D. Cal. 2010) . . . . 6, 12

*Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*
445 U.S. 326 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Duran v. U.S. Bank National Assn.*,
59 Cal. 4th 1 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Dyer v. Wells Fargo Bank, N.A*,
303 F.R.D. 326 (N.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Emmons v. Quest Diagnostics Clinical Labs., Inc.*,
2017 U.S. Dist. LEXIS 27249 (E.D. Cal. 2017) . . . . . . . . . . . . . . . . . . . . . 2

*Estakhrian v. Obenstine*,
2019 U.S. Dist. Lexis 112828 (C.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . 2

*Gaskill v. Gordon*
160 F.3d 361 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Glass v. UBS Fin. Servs.*
2007 U.S. Dist. LEXIS 8476 (N.D.Cal. 2007) . . . . . . . . . . . . . . . . . . . 8, 17

*Ingalls v. Hallmark Mktg. Corp.*,
2009 U.S. Dist. LEXIS 131078 (C.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . 12

*In re Activision Securities Litigation*
723 F.Supp. 1373 (N.D. Cal. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Copley Pharmaceutical, Inc.*
1 F.Supp.2d 1407 (D. Wyo.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Heritage Bond Litig.*
2005 U.S. Dist. LEXIS 13627 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . 7

*In re Omnivision Technologies, Inc.*
2007 WL 4293467 (N.D.Cal., 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 14

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*In re Sutter Health Uninsured Pricing Cases*,
171 Cal.App.4th 495 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Knight v. Red Door Salons, Inc.*,
2009 U.S. Dist. LEXIS 11149 (N.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . 12

*Laffitte v. Robert Half International, Inc.*,
1 Cal. 5th 480 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6, 10, 15

*Lealao v. Beneficial California, Inc.*
82 Cal.App.4th 19 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lee v. Global Tel\*Link Corp.*,
2018 U.S. Dist. LEXIS 163410 (C.D. Cal. 2018) . . . . . . . . . . . . . . . . . . . 2, 15

*Mathein v. Pier 1 Imports*,
2018 U.S. Dist. LEXIS 71386 (E.D. Cal. 2018) . . . . . . . . . . . . . . . . . . . . 2, 17

*McKittrick v. Gardner*
378 F.2d 872 (4th Cir.1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ontiveros v. Zamora*,
303 F.R.D. 356 (E.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Paul, Johnson, Alston & Hunt v. Gaulty*
886 F.2d 268 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Pellegrino v. Robert Half Intern., Inc.*,
182 Cal.App.4th 278 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Powers v. Eichen*,
229 F.3d 1249 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Rippee v. Boston Mkt. Corp.*,
2006 U.S. Dist. LEXIS 101136 (S.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . 12

*Romero v. Producers Dairy Foods, Inc.*,
  2007 U.S. Dist. LEXIS 86270 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Rutti v. Lojack Corp., Inc.*,
  2012 WL 3151077 (C.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sakkab v. Luxottica Retail N. Am., Inc.*,
  803 F.3d 425 (9th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Singh v. Roadrunner Intermodal Servs., LLC*,
  2019 U.S. Dist. LEXIS 11724 (E.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . 1

*Smith v. CRST Van Expedited, Inc.*,
  2013 U.S. Dist. LEXIS 6049, 2013 WL 163293 (S.D. Cal. 2013) . . . . . . . . . 5

*Stanger v. China Elec. Motor, Inc.*,
  812 F.3d 734 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Steiner v. BOC Financial Corp.*
  1980 U.S. Dist. LEXIS 14561 (S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stetson v. Grissom*,
  821 F.3d 1157 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16

*Stuart v. Radioshack Corp.*,
  2010 U.S. Dist. LEXIS 92067 (N.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Taylor v. Fedex Freight, Inc.*,
  2016 U.S. Dist. LEXIS 142202 (E.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . 15, 17

*Vincent v. Hughes Air West, Inc.*
  557 F.2d 759 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Warner v. Toyota Motor Sales, U.S.A., Inc.*,
  2017 U.S. Dist. LEXIS 77576 (C.D. Cal. 2017) . . . . . . . . . . . . . . . . . . . . . . . 2, 15

*Wershba v. Apple Computer*,
  91 Cal. App. 4th 224  (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Williams v. MGM-Pathe Communs. Co.*
  129 F.3d 1026 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I.   INTRODUCTION

After years of litigation, both in state and federal courts, culminating in a full-day mediation before respected jurist and now mediator of wage and hour class actions, Hon. Howard Broadman (Ret.), Class Counsel successfully negotiated a Settlement with Defendant Conner Logistics, Inc. ("Defendant") which provides for a non-reversionary common fund of Two Hundred Five Thousand Dollars ($205,000) ("Gross Settlement Amount").  As part of the settlement, the parties agreed to an amount not more than 25% of the Gross Settlement Amount for attorneys' fees.   (Joint Stipulation of Class Settlement and Release of Claims (the "Stipulation" or "Settlement") at ¶ VI.)[1] Preliminary approval of the Settlement was granted on August 7, 2020. [Doc. No. 32]. (Declaration of Nordrehaug at ¶3.)

Plaintiff Ubaldo Figueroa ("Plaintiff") requests approval of attorneys' fees in the amount equal to 25% of the Gross Settlement Amount.  The requested fee is within the accepted range of between 20% to 40% of a common fund and is fair compensation for undertaking such complex, risky and time-consuming litigation on a contingent basis. See *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-2 (9th Cir. 2011). In a similar wage and hour class action, *Laffitte v. Robert Half International, Inc.*, 1 Cal. 5th 480 (August 11, 2016), the California Supreme Court affirmed the reasonableness of an award of attorneys' fees equal to one-third (1/3) of the common fund, which correlated to lodestar with a 2 multiplier.  Here, Class Counsel's lodestar is currently **$209,652.75**, which means the requested fee award is equal to just a fraction of the current lodestar (i.e a negative multiplier of .25).  Moreover, because this motion is being submitted during the objection period, there is additional work still to be performed.

Because the requested fee award is at the benchmark and below the percentage approved in *Laffitte*, the requested award is reasonable.  See also *Singh v. Roadrunner Intermodal Servs., LLC*, 2019 U.S. Dist. LEXIS 11724 (E.D. Cal. 2019) (following

---

[1]  The Stipulation is attached as <u>Exhibit 2</u> to the Declaration of Kyle Nordrehaug, served and filed herewith.

*Laffitte* to approve 33% fee award with cross-check lodestar multiplier of 2.03); *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 2017 U.S. Dist. LEXIS 27249 (E.D. Cal. 2017) (following *Laffitte* to approve 33% fee award with cross-check lodestar multiplier of 1.7); *Estakhrian v. Obenstine*, 2019 U.S. Dist. Lexis 112828 (C.D. Cal. 2019) (approving 30% fee award); *Mathein v. Pier 1 Imports*, 2018 U.S. Dist. LEXIS 71386, at *35 (E.D. Cal. 2018) (approving one-third fee award representing a lodestar multiplier of 1.64); *Brulee v. Dal Global Servs.*, 2018 U.S. Dist. LEXIS 211269, at *30 (C.D. Cal. 2018) (approving 33% fee award with a lodestar multiplier of 1.68); *Lee v. Global Tel*Link Corp.*, 2018 U.S. Dist. LEXIS 163410 (C.D. Cal. 2018) (approving lodestar multiplier of 3.0); *Warner v. Toyota Motor Sales, U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 77576 (C.D. Cal. 2017) (approving lodestar multiplier of 2.92).

Further, all of the factors typically considered by Courts in approving such a fee award, such as the results achieved, the risks of litigation, the skill of counsel, the contingent nature, the lodestar cross-check, and the reaction of the class, all support the requested award. Since the attorneys' fees requested are reasonable under *Laffitte* and the results achieved for the Class Members are excellent, Plaintiffrespectfully requests that the Court award the requested fees.

Finally, Plaintiff requests that the Court approve payment of Class Counsel's litigation expenses in the amount of $15,000, which amount is less than ligation expenses actually incurred by Class Counsel. Plaintiff also respectfully requests that this Court approved payment of the service award for the Plaintiff. (Stipulation at ¶ VI.) As explained herein below, the requested service award is supported by legal authorities and is justified by both the personal involvement of the Plaintiff as the sole representative and the risks he undertook to represent the Class.

## II. THE ATTORNEYS' FEES REQUESTED ARE FAIR AND REASONABLE AND SHOULD BE APPROVED

In defining a reasonable fee, the Court should mimic the marketplace for cases involving a significant contingent risk such as this one. Given the unique reliance of our

legal system on private litigants to enforce substantive provisions of law in class actions, attorneys providing these substantial benefits should be paid an award equal to the amount negotiated in private bargaining that takes place in the legal market place. *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338, *rehg. denied*, 446 U.S. 947 (1980). "When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set. . . . The judge, in other words, is trying to mimic the market in legal services." *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *Lealao v. Beneficial California, Inc.* 82 Cal.App.4th 19, 49-50 (2000) ("attempting to award the fee that informed private bargaining, if it were truly possible, might have reached." A fee award should approximate a "percentage fee [] freely negotiated in comparable litigation."); *In re Copley Pharmaceutical, Inc.* 1 F.Supp.2d 1407, 1411 (D. Wyo.1998) ("the percentage of the fund method better approximates the workings of the marketplace by focusing on the results achieved.").

At the time this case was brought, the result was far from certain. Defendant's practice at issue here had been in place for years. Defendant's numerous defenses to the case created difficulties with proof and complex legal issues for Class Counsel to overcome. Here, a number of defenses asserted by Defendant presented serious threats to the claims of the Plaintiff and the other Class Members. Defendant asserted that the employment practices complied with all applicable Labor laws. Defendant explained that drivers recorded their own time worked and there was no policy to work off the clock. Defendant also argued that when required, rest break premiums were paid, and that the Supreme Court decision in *Brinker v. Superior Court,* 53 Cal. 4th 1004 (2012), weakened Plaintiffs' claims, on liability, value, and class certifiability. If successful, Defendant's defenses could eliminate or substantially reduce any recovery to the Class. While Plaintiffs believe that these defenses could be overcome, Defendant maintains these defenses have merit and therefore present a serious risk to recovery. (Declaration of Nordrehaug at ¶6(e).)

Moreover, there was also a significant risk that, if the Action was not settled,

Plaintiffs would be unable to obtain class certification and maintain a certified class through trial, and thereby not recover on behalf of any employees other than themselves. At the time of the mediation, Defendant forcefully opposed the propriety of class certification, arguing that individual issues precluded class certification. While other cases have approved class certification in wage and hour claims, class certification in this action would have been hotly disputed and was by no means a foregone conclusion. Further, as demonstrated by the California Supreme Court decision in *Duran v. U.S. Bank National Assn.*, 59 Cal. 4th 1 (2014), there are significant hurdles to overcome for a class-wide recovery even where the class has been certified. (Declaration of Nordrehaug at ¶6(f).)

The Settlement was possible only because Class Counsel was able to convince Defendant that Class Counsel could potentially prevail on the legal issues regarding liability, obtain class certification, and overcome difficulties in class-wide proof as to monetary relief. In successfully navigating these hurdles so as to convince Defendant to settle, Class Counsel displayed exemplary skills that might be expected of attorneys of comparable experience. Here, Class Counsel was pursuing a risky claim where previous actions had failed to establish liability, failed to obtain class certification and/or failed to obtain monetary recovery for all individuals. Class Counsel's skill is evidenced by the excellent settlement benefitting the Class. (Declaration of Nordrehaug at ¶6(g).)

To represent the Class on a contingent fee basis, Class Counsel had to forego compensable hourly work on other cases to devote the necessary time and resources to this contingent case. In so doing, Class Counsel gave up the hourly work that a firm can bank on for the risky contingent fee work in this case which could have paid Class Counsel nothing. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

Finally, as to the remaining factors, the reaction of the Class and the lodestar cross-check both fully support the requested award. After sending the notice of the settlement to the Class which included the amount of their payment, currently there have been no objections and few opt outs, such that nearly all class members are currently

electing to participate in the settlement. As to the lodestar, the requested award represents an amount that is less than a quarter of Class Counsel's current lodestar.

### III. CLASS COUNSEL'S FEE AWARD IS PROPERLY CALCULATED AS A PERCENTAGE OF THE TOTAL VALUE CREATED FOR THE BENEFIT OF THE CLASS

Class Counsel seek this Court's approval of the attorney fee award for their successful prosecution and resolution of this action, calculated as one-third of the cash value of the **non-reversionary** common fund created by the Settlement. In cases such as this one, the Ninth Circuit Court of Appeals has long recognized that an appropriate method for determining the award of attorneys' fees is based on a percentage of the total value of benefits afforded to class members by the settlement. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (1989); *Vincent v. Hughes Air West, Inc.* 557 F.2d 759, 769 (9th Cir. 1977). The awarding of a fee based on a percentage of the common fund recovered is to "spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone." *Vincent*, *supra*, 557 F.2d at 769. The non-reversionary Gross Settlement Amount is $205,000. Accordingly, Class Counsel requests $51,250 in attorneys fees as properly calculated as a reasonable percentage (25%) of the common fund created for the benefit of the Class. This is especially true here where the common fund is non-reversionary and class members will be automatically mailed their settlement payment.

"Under the percentage method, California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent". *Smith v. CRST Van Expedited, Inc.*, 2013 U.S. Dist. LEXIS 6049, 2013 WL 163293, *5 (S.D. Cal. 2013); see *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n. 11, 75 Cal. Rptr. 3d 413 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.") In *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920, at *17; 2010 WL 2991486,

at *6 (C.D. Cal. 2010), the Court found that a review of California cases "reveals that courts usually award attorneys' fees in the 30-40% range in wage and hour class actions that result in recovery of a common fun[d] under $10 million."

The California Supreme Court held that the percentage-of-fund method of calculating attorneys' fees is appropriate in California courts and expressly approved a one-third (1/3) fee award in a wage and hour class settlement. *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 503-06 (2016). A court "may determine the amount of a reasonable fee by choosing an appropriate percentage of the fund created." *Id.* at 503. The California Supreme Court suggested considerations of the risks and potential value of the litigation, the contingency, novelty, and difficulty of the litigation, the skill shown by counsel, and a lodestar cross-check were all appropriate means of discerning an appropriate percentage award in a common fund case. *Id.* at 504.

Similarly, in common fund percentage award cases, the Ninth Circuit has provided a non-exhaustive list of factors to use in assessing the reasonableness of fee awards including:

> [T]he extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (internal quotation marks omitted) (quoting *Vizcaino*, 290 F.3d at 1047-50).

### A. The Award is Supported By 1) the Results Achieved; 2) the Risk, 3) the Skill Required, 4) the Contingent Nature of the Fee and 5) Awards In Similar Cases

What has now emerged in most fee award decisions is a recognition that fee determinations in both common fund and statutory fee situations are incapable of mathematical precision because of the intangible factors that must be resolved in the court's discretion based on the circumstances of each particular case.  See, A. Conte,

*Attorney Fee Awards*, 2nd Ed., § 207, at §§44.  In determining an appropriate fee in a common fund case, a court must decide, based on the unique posture of each case, what percentage of the common fund would most reasonably compensate Class Counsel given the nature of the litigation and the performance of counsel.  *Paul, Johnson, Alston & Hunt*, *supra*, 886 F.2d at 272 (the benchmark percentage fee may be adjusted to account for the circumstances involved in this case.)

Courts consider several factors in calculating a reasonable percentage fee in common fund cases.

((1) the results achieved; (2) the risk involved in undertaking the litigation; (3) the generation of benefits beyond the cash settlement fund; (4) the market rate for services; (5) the contingent nature of the fee; (6) the financial burden to counsel; (7) the skill required; (8) the quality of the work; and (9) the awards in similar cases.

*Carter v. San Pasqual Fid. Trust Co.*, 2018 U.S. Dist. LEXIS 33834(C.D.Cal. 2018). A court may also cross-check its percentage calculation against the lodestar method to determine the reasonableness of the award. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

Here, consideration of these factors support the award of the percentage fee (1/3) requested in this case and the upward adjustment from the benchmark.

### 1.    The Results Achieved.

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Omnivision*,  2007 WL 4293467 at *9;  See also *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13627, at *27-28 (C.D. Cal. 2005).

Class Counsel obtained an excellent result in this case for the Class Members.  The Settlement provides monetary benefits to the Class Members that are superior to those recovered in similar wage and hour class actions.  The Settlement is particularly advantageous to the Class because the proceeds will be distributed shortly as opposed to waiting additional years for a similar, or possibly, less favorable result. Class Counsel should not be penalized for obtaining an excellent recovery for the Class.  See e.g. *Glass v. UBS Fin. Servs.*, 15 Wage & Hour Cas. 2d (BNA) 1330, 2007 U.S. Dist. LEXIS 8476,

*49 (N.D. Cal. 2007) (Ninth Circuit "did 'not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly'").

There is little question that the result achieved in this litigation is good.  As detailed at preliminary approval, the settlement provides a recovery which represents more than what was recovered in similar settlements.  Class Members will benefit from their share of the settlement as the result of the settlement of this action both in terms of receiving the settlement proceeds much sooner and avoiding the risk of receiving nothing at all. See *Glass*, *supra*, 2007 U.S. Dist. LEXIS 8476 at * 48 ("The early settlement of the instant action resulted in significant benefit to the class…. Class counsel achieved an excellent result for the class members by settling the instant action promptly.")

### 2.    Risks of Litigation

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *Omnivision*, 2007 WL 4293467 at *9.

At the time this case was brought, the result was far from certain.  Defendant's practice at issue here had been in place for years.  Defendant's numerous defenses to the case created difficulties with proof and complex legal issues for Class Counsel to overcome.  Here, a number of defenses asserted by Defendant presented serious threats to the claims of Plaintiff and the other Class Members.  Defendant asserted that the employment practices complied with all applicable Labor laws.  Defendant explained that drivers recorded their own time worked and there was no policy to work off the clock.  Defendant also argued that when required, rest break premiums were paid, and that the Supreme Court decision in *Brinker v. Superior Court,* 53 Cal. 4th 1004 (2012), weakened Plaintiffs' claims, on liability, value, and class certifiability.  If successful, Defendant's defenses could eliminate or substantially reduce any recovery to the Class.  While Plaintiffs believe that these defenses could be overcome, Defendant maintains these defenses have merit and therefore present a serious risk to recovery.  (Declaration of Nordrehaug  at ¶6(e).)

Moreover, there was also a significant risk that, if the Action was not settled, Plaintiffs would be unable to obtain class certification and maintain a certified class through trial, and thereby not recover on behalf of any employees other than themselves. At the time of the mediation, Defendant forcefully opposed the propriety of class certification, arguing that individual issues precluded class certification. While other cases have approved class certification in wage and hour claims, class certification in this action would have been hotly disputed and was by no means a foregone conclusion. Further, as demonstrated by the California Supreme Court decision in *Duran v. U.S. Bank National Assn.*, 59 Cal. 4th 1 (2014), there are significant hurdles to overcome for a class-wide recovery even where the class has been certified. (Declaration of Nordrehaug at ¶6(f).)

All of these were very substantial risks any of which could have resulted in the Class receiving nothing if the claims were litigated.

### 3.    The Skill Required and the Quality of Work

The "prosecution and management of a complex . . . class action requires unique legal skills and abilities." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1047 (N.D. Cal. 2008). Practice in the narrow areas of wage and hour and class action litigation requires skill, knowledge and experience in two distinct subsets of the law. Expertise in one does not necessarily translate into expertise in the other. Class Counsel must have expertise in both. The issues presented in this case required more than just a general appreciation of wage and hour law and class action procedure as this area of practice is still developing as evidenced by the California Supreme Court's ruling in *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012) and the Ninth Circuit's ruling in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), in which Class Counsel was personally involved as the prevailing counsel.

Class Counsel's work and skill resulted in this excellent settlement. The Settlement was possible only because Class Counsel was able to convince Defendant that Plaintiff could potentially prevail on the issues regarding liability, maintain class

certification through trial, overcome difficulties in proof as to monetary relief and take the case to trial.   (Declaration of Nordrehaug at ¶6(h).)

In successfully navigating these hurdles Class Counsel displayed the necessary dual skill set.  The high quality of the Class Counsel's work in this case was mandated by the very vigorous and contentious defense presented by counsel for Defendant.  Class Counsel invested substantial time and resources in investigation, litigation, the determination of potential damages, and communicating with and responding to opposing counsel's requests, demands, and inquiries.  On account of the concerted and dedicated effort this case demanded in order to properly handle and prosecute, Class Counsel were precluded from taking other cases, and in fact, had to turn away meritorious fee generating cases. (Declaration of Nordrehaug at ¶ 6(d).) Moreover, the excellent result obtained by the settlement establishes the skill and quality of work. Here, all Class Members are entitled to a settlement payment and Class Counsel is seeking an award that is below the range approved in *Laffitte* and commonly awarded in other cases.

### 4.    The Contingent Nature of the Fee and the Financial Burden

There is a substantial difference between the risk assumed by attorneys being paid by the hour and attorneys working on a contingent fee basis.  The attorney being paid by the hour can go to the bank with his fee. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).  The attorney working on a contingent basis can only log hours while working without pay towards a result that will hopefully entitle him to a market place contingent fee taking into account the risk and other factors of the undertaking. *Id* at 1257. Otherwise, the contingent fee attorney receives nothing. *Id*.

In this case, Class Counsel subjected themselves to this contingent fee market risk in this all or nothing contingent fee case wherein the necessity and financial burden of private enforcement makes the requested award appropriate.  **Counsel retained on a contingency fee basis, whether in private matters or in class action litigation, is entitled to a premium above their hourly rate in order to compensate for both the**

**risks and the delay in payment.**  See e.g. *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734 (9th Cir. 2016) (courts "must" apply a risk enhancement); *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016) (abuse of discretion not to apply risk multiplier).

The simple fact is that despite the most vigorous and competent of efforts, success is never guaranteed. *McKittrick v. Gardner*, 378 F.2d 872, 875 (4th Cir.1967).  Indeed, if counsel is not adequately compensated for the risks inherent in difficult class actions, competent attorneys will be discouraged from prosecuting similar cases. *Steiner v. BOC Financial Corp.*, 1980 U.S. Dist. LEXIS 14561 at *6- *7 (S.D.N.Y. 1980).  Class Counsel has invested time and money into cases which ultimately generated no fee, which further emphasizes the need for contingent cases to provide premium compensation when successful.

Here, the contingent nature of the fee award, both from the point of view of eventual settlement and the point of view of establishing eligibility for an award, also warrant the requested fee award.  A number of difficult issues, the adverse resolution of any one of which could have doomed the successful prosecution of the action, were present here.  As discussed above, attorneys' fees in  this case were not only contingent but extremely risky, with a very real chance that Class Counsel would receive nothing at all for their efforts, having devoted time and advanced costs.  (Declaration of Nordrehaug at ¶6(d)-(i).)

Class Counsel were required to advance all costs in this litigation.  Especially in this type of litigation where the corporate defendant and its attorneys are well funded, this can prove to be very expensive and risky.  Accordingly, because the risk of advancing costs in this type of litigation can be significant, it is therefore cost prohibitive to many attorneys.  The financial burdens undertaken by Plaintiff and Class Counsel in prosecuting this action on behalf of the Class were substantial.  To date, Class Counsel advanced more than $18,000 in costs which could not have been recovered if this case had been lost.   (Declaration of Nordrehaug at ¶ 6(i).)

Accordingly, the contingent nature of the fee and the financial burdens on Class

Counsel also support the fee requested.

### 5.   Awards in Similar Cases

The attorneys' fees requested by Class Counsel are within the range of fees awarded in comparable cases. A review of class action settlements over the years shows that the courts have historically awarded fees in the range of 30% to 40%, depending upon the circumstances of the case.  As the Court recently explained in *Brulee*:

> Relevant to this case, 'California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million.' *Miller v. CEVA Logistics USA, Inc.*, No. 2:13-CV-01321-TLN, 2015 U.S. Dist. LEXIS 104704, 2015 WL 4730176, at *8 (E.D. Cal. Aug. 10, 2015).

*Brulee v. Dal Global Servs.*, 2018 U.S. Dist. LEXIS 211269, at *24.

Here, Class Counsels' requested fees are 25% of the total value of the non-reversionary settlement, a percentage well within the range of reasonableness given the excellent results obtained for the Class, the risks undertaken, and the skill of the prosecution, and the contingent nature of the representation.

In similar federal actions involving wage and hour class actions, including the cases cited on herein above, fee requests of 30% or more are routinely awarded.  See e.g., *Cicero*, *supra*, 2010 U.S. Dist. LEXIS 86920 at *16-18; *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, *17 (N.D. Cal. 2009) ("'nearly all common fund awards range around 30%'") (quoting *In re Activision Sec. Litigation*, 723 F.Supp. 1373 (N.D. Cal. 1989)); *Ingalls v. Hallmark Mktg. Corp.*, 2009 U.S. Dist. LEXIS 131078 (C.D. Cal.2009) (awarding 33.33% fee on a $ 5.6 million wage and hour class action); *Birch v. Office Depot, Inc.*, 2007 U.S. Dist. LEXIS 102747 (S.D. Cal. 2007) (awarding a 40% fee on a $ 16 million wage and hour class action); *Rippee v. Boston Mkt. Corp.*, 2006 U.S. Dist. LEXIS 101136 (S.D. Cal. 2006) (awarding a 40% fee on a $3.75 million wage and hour class action); *Stuart v. Radioshack Corp.*, 2010 U.S. Dist. LEXIS 92067, *15-18 (N.D. Cal. 2010) (awarding attorneys' fees amounting to one-third of a $4.5 million settlement in a Section 2802 inter-storing class action); *Bond v. Ferguson Enterprises, Inc.*, 2011 U.S. Dist. LEXIS 70390, *28-29, 36 (E.D. Cal. 2011) (awarding attorney's

fees amounting to 30% of a $2.25 million settlement in a meal break class action, and concluding "Plaintiff's request for a multiplier of 1.75 of its lodestar is reasonable."); *Romero v. Producers Dairy Foods, Inc.*, 2007 U.S. Dist. LEXIS 86270, *4, 10 (E.D. Cal. 2007) (awarding 33% of common fund).

The fee award in this case is therefore reasonable in light of the prevailing fees that have been awarded in other similar cases as set forth above. Some of the awards obtained from Class Counsel further support the reasonableness of the requested fee: On June 22, 2016, in *Dobrosky v. Arthur J. Gallagher*, (Central District Case No. 5:13-cv-00646), District Judge Jesus Bernal awarded a fee equal to 1/3 of the common fund. On February 23, 2017, in *Nelson v. Avon* (U.S.D.C. Northern District of California), the District Court awarded a 30% fee award in a wage and hour class settlement. On June 14, 2017, in *Smith v. Space Exploration* (Los Angeles Superior Court Case No. BC554258), Judge Elihu Berle awarded Class Counsel a 1/3 fee award in a wage and hour class settlement. On November 13, 2017, in *Calhoun v. Celadon Trucking* (U.S.D.C. Central District of California Case No. 16-CV-1351), District Judge Philip S. Gutierrez awarded Class Counsel a one-third fee award in a wage and hour class action. On March 23, 2018, in *Bailey v. Redfin*, (Los Angeles Superior Court, Case No. BC512191, the Court awarded a 1/3 fee award in a wage and hour class settlement. On July 10, 2018, in *Zirpolo v. UAG Stevens Creek II* (Santa Clara Superior Court Case no. 17CV313457, Judge Brian Walsh awarded Class Counsel a one-third fee award in a wage and hour class action. On July 19, 2018, in *Metrow v. Liberty Mutual*, (U.S.D.C. Central District of California Case No. EDCV 16-01133-JGB), the District Court awarded Class Counsel a one-third fee award in a wage and hour class settlement. On December 4, 2018, in *Panda Express Wage and Hour Cases* (Los Angeles Superior Court, Case No. JCCP 4919) Judge Carolyn Kuhl awarded Class Counsel a one-third fee award in a wage and hour class settlement. On February 1, 2019, in *Solarcity Wage and Hour Cases* (San Mateo Superior Court, Case No. JCCP 4945) Judge Marie Weiner awarded Class Counsel a one-third fee award in a wage and hour class settlement. On

November 19, 2019, in *Alcala v. Meyer Logistics, Inc.* (U.S.D.C. Central District of California, Case No. 2:17-CV-07211) this Court awarded Class Counsel a fee award of one-third of the common fund. On December 2, 2019, in *Sanders v. Old Dominion Freight Line* (U.S.D.C. Central District of California, Case No. 5:18-cv-00688) District Judge Dale S. Fischer awarded Class Counsel a one-third fee award in a class settlement. On January 31, 2020, in *El Pollo Loco Wage and Hour Cases* (Orange County Superior Court Case No. JCCP 4957) Judge William Claster awarded Class Counsel a one-third award in a wage and hour class settlement. On February 11, 2020, in *Singh v. Total Renal Care* (San Francisco Superior Court Case No. CGC-16-550847) Judge Ethan Schulman awarded Class Counsel a one-third award in a wage and hour class settlement. (Declaration of Nordrehaug at ¶7.)

A fee award equal to 25% of the common fund in this case is therefore reasonable in light of the fee awards that have been approved in other similar cases.

### 6.    The Reaction of the Class

Following the mailing of the notice which disclosed the terms of the Settlement and the requested fee award, to date, there have been no objections to the Settlement by any member of the Class.[2] Therefore, the approval of the Class is evident and this factor supports approval of the requested fee. See *In re Omnivision*, *supra*, 559 F. Supp. 2d at 1043.

### B.    The Fee Award Is Also Supported by Class Counsel's Lodestar

In federal court, the percentage of the fund method is the typical method for determining and awarding fees. *Williams v. MGM-Pathe*, *supra*, 129 F.3d at 1027. The lodestar-multiplier is appropriately considered serve as a cross-check. *Id.*

Class Counsel therefore provides an accounting of the time spent by attorneys on this matter. As such, the Declaration of Nordrehaug submitted sets forth the current lodestar incurred in this litigation to date. See Declaration of Nordrehaug at ¶8 and

---

[2] The LWDA was also served with the settlement and has not objected.

Exhibit #3 thereto.  A review of this billing evidences that to date, Class Counsel have expended more than $209,652 in attorney time litigating this matter, with significant work still remaining to complete the settlement.  The Declaration of Nordrehaug at ¶8 also provides this Court with support establishing the reasonableness of the rates used by Class Counsel.

When compared this attorney lodestar represents, the requested fee award represents an amount that is far less than the current lodestar, representing a negative multiplier of .25, and there remains significant work still to be performed.  This cross-check is far below examples in the law which provides that a reasonable multiplier is between 2 and 4.  *See e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-51 (9th Cir. 2002) (observing that multipliers range from 1.0-4.0 and a "bare majority" fall within the range of 1.5-3.0, and then affirming district court's conclusion that fee award of 3.65 times lodestar amount was reasonable); *Brulee v. Dal Global Servs., LLC*, 2018 U.S. Dist. LEXIS 211269, at *30 (C.D. Cal. 2018) (one-third fee award justified by 1.68 multiplier); *Lee v. Global Tel\*Link Corp.*, 2018 U.S. Dist. LEXIS 163410 (C.D. Cal. 2018) (approving lodestar multiplier of 3.0); *Warner v. Toyota Motor Sales, U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 77576 (C.D. Cal. 2017) (approving lodestar multiplier of 2.92); *Taylor v. Fedex Freight, Inc.*, 2016 U.S. Dist. LEXIS 142202 (E.D. Cal. 2016) (30% fee justified by 2.26 multiplier).  Multipliers in the 3-4 range are common in lodestar awards in class action litigation.  *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) (citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988).[3]

---

[3]  California state court decisions are in accord.  See *Laffitte*, *supra*, 1 Cal. 5th at 487 (approving 1/3 fee award with 2 multiplier); *Pellegrino v. Robert Half Intern., Inc.*, 182 Cal.App.4th 278 (2010) (in class actions  "reasonable multipliers of 2.0 to 4.0 are often applied."); *Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 255 (2001) ("multipliers can range from 2 to 4 or even  higher."); *In re Sutter Health Uninsured Pricing Cases*,171 Cal.App.4th 495, 512 (2009) (affirming multiplier of 2.52 as "fair and reasonable); *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 (2008) (affirming multiplier

As a result, under the percentage of fund analysis, reference to the actual lodestar incurred in the litigation as compared to the requested percentage further confirms the reasonableness of the award sought under the Settlement.

### C.    Class Counsel's Costs Were Reasonably Incurred

As part of the Stipulation, Class Counsel seeks an "an award of litigation costs and expenses not to exceed Fifteen Thousand Dollars ($15,000.00) as per Class Counsel's billing statement."  (Stipulation at ¶ VI.)

Class Counsel requests reimbursement for expenses and costs in the amount of $15,000, which is less than the actual expenses incurred of $18,853.32.  These litigation expenses are detailed in the Statement of Account attached to the Declaration of Nordrehaug as Exhibit #3.  These expenses involve the costs incurred for filing fees, mediation fees and expenses, expert witness fees, attorney service charges (Knox and Onelegal), legal research charges, travel expenses, Bel Aire notice expenses (Gilardi), and delivery charges, all of which are costs normally billed to and paid by the client.[4] These costs were reasonably incurred in the prosecution of this matter.  (Declaration of Nordrehaug at ¶ 9.)

### D.    The Class Representative Should Receive the Requested Service Award

Plaintiff respectfully submits that for his service as the only Class Representative, Plaintiff should receive the agreed service award.  The Stipulation provides for service award not to exceed $10,000 to the Plaintiff for his service as the sole class representative and for his individual general release.  (Stipulation ¶ VI.)  Plaintiff is

---

of 2.53 as well within the approved range of 2 to 4).

[4] Nontaxable costs are properly awarded where authorized by the parties' agreement. *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016).  Accordingly, "[e]xpenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Rutti v. Lojack Corp., Inc.*, 2012 WL 3151077, at *12 (C.D. Cal. 2012).

submitting his declaration in support of this request.

As the sole representative of the Class, the Plaintiff performed his duties to the Class admirably and without exception. Plaintiff provided valuable information and document from his employment which were instrumental in Class Counsel's understanding of the case. Plaintiff worked on this case for several years. Finally, Plaintiff was involved in the settlement negotiations and provided assistance and information which ultimately resulted in the settlement benefitting the Class. (Declaration of Nordrehaug at ¶10.)

Plaintiff also assumed the risk, among other things, that he might possibly be liable for costs incurred in connection with this case, which would have far exceeded the requested awards. Plaintiff also risked being "blacklisted" by other future employers for having sued Defendant in a class action. Without the Plaintiff's support, cooperation and information, no other fellow employees would be receiving any benefit. (Declaration of Nordrehaug at ¶10).

The payment of service awards to successful class representatives is appropriate and the amount requested is comparable to the amounts awarded in other cases. *See e.g.Mathein v. Pier 1 Imports*, 2018 U.S. Dist. LEXIS 71386, at *35 (E.D. Cal. 2018); *Brulee*, *supra*, at *22 (awarding service awards of $10,000 each to 3 plaintiffs); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 268 (N.D. Cal. 2015) (approving $10,000 award); *Ontiveros v. Zamora*, 303 F.R.D. 356, 366 (E.D. Cal. 2014) ($15,000 award approved); *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 at *51-*52 (N.D.Cal. 2007)(awarding $100,000 divided among four plaintiffs in overtime wages class action); *Dyer v. Wells Fargo Bank, N.A*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) (awarding $10,000); *Taylor v. Fedex Freight, Inc.*, 2016 U.S. Dist. LEXIS 142202 (E.D. Cal. 2016) (approving $15,000 award). The Declaration of Nordrehaug at ¶ 11 provides examples of similar awards approved by Courts in California.

The service award compensates Plaintiff for his effort and risk in bringing this case to benefit other employees in light of the total settlement equaling $205,000.

Plaintiff's efforts in bringing the lawsuit have conferred a substantial benefit the Class Members. Accordingly, Plaintiff respectfully requests that the Court approve the requested service award.

## IV.    CONCLUSION

Class Counsel's fee request is within the range of reasonableness for fee requests approved by Courts in similar cases and is reasonable when measured against the efforts expended in this case and the results achieved. Moreover, Class Counsel undertook these risks on a wholly contingent fee basis and achieved an outstanding result for the benefit of Class Members. Based on the foregoing, Class Counsel respectfully request approval of the application for the award of attorneys' fees, an award of litigation costs, and the service award. Class Counsel will also finish the prosecution of this action including final approval, the disbursement of funds, final accounting and defense of any challenges, if any, without any additional fee award.

Dated: November 21, 2020          BLUMENTHAL NORDREHAUG BHOWMIK
                                  DE BLOUW LLP

                             By:   */s/ Kyle Nordrehaug*
                                  Kyle Nordrehaug, Esq.
                                  Attorneys for Plaintiff and the Class