UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO FIGUEROA, an individual, on behalf of himself, and on behalf of all persons similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CONNER LOGISTICS, INC., a California Corporation; and Does 1 through 50, inclusive<br>Defendants. | Case No. 1:19-cv-01004-NONE-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS AND SERVICE AWARD**<br><br>(Doc. No. 35) |

On November 23, 2020, Plaintiff Ubaldo Figueroa ("Plaintiff"), an individual, on behalf of himself, and on behalf of all persons similarly situated, filed a Motion for Award of Attorney Fees and Costs and Service Award. (Doc. No. 35.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), Local Rule 302, and the Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. (*See* Doc. No. 18-1.)

The motion came before the Court for hearing on January 15, 2021. Counsel Kyle Nordrehaug appeared by Zoom video on behalf of Plaintiff. Counsel Russell Ryan appeared by Zoom telephone on behalf of Defendant Conner Logistics, Inc.

Having considered the briefing, the arguments of counsel, and the record in this case, the Court will recommend that the motion be granted in part and denied in part for the below-stated reasons.

**I.      BACKGROUND**

This is a hybrid wage-and-hour case alleging both a collective action under the Fair Labor

1

1  Standards Act ("FLSA") and a Federal Rule of Civil Procedure 23 class action as to state law
2  claims.  Defendant is a trucking company.  Plaintiff worked for Defendant as a truck driver from
3  May 2014 through September 2014.  The operative second amended complaint, filed on June 21,
4  2019, alleges that Defendant: (1) engaged in unfair competition; (2) failed to pay minimum
5  wages; (3) failed to provide accurate itemized wage statements; (4) failed to provide wages when
6  due; (5) violated the Private Attorneys General Act ("PAGA") of 2004 (i.e., California Labor
7  Code § 2698 et seq.), and (6) failed to pay straight and overtime compensation in violation of the
8  FLSA. (Doc. No. 1-1 at Ex. A.)  On July 23, 2019, the matter was removed to this Court from the
9  Superior Court of the State of California, County of Fresno, and on October 23, 2019, Plaintiff
10 filed a notice of a class-wide settlement.  (Doc. Nos. 1, 14.)

11      The settlement agreement proposes a total payment of $205,000 to be allocated as
12 follows: up to $18,000.00 in settlement administration; a $10,000 enhancement payment to the
13 named plaintiff; attorneys' fees up to 25% ($51,250.00); litigation costs and expenses up to
14 $15,000; and $1,537.50 to the Labor Workforce Development Agency ("LWDA") from the
15 PAGA payment of $2,050.00.  (Doc. 35-2, Ex. 2 to Declaration of Kyle Nordrehaug, Joint
16 Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement") at ¶¶
17 II.X, II.HH; VI.; VII.)  After subtracting the litigation costs, attorneys' fees, enhancement
18 payment, settlement administration costs, and the LWDA payment, the remaining settlement fund
19 ("Net Settlement Amount") will be allocated to participating class members.   (*Id.* at II.V.)

20      On March 13, 2020, Plaintiff filed a motion seeking preliminary approval of the class and
21 collective settlement. (Doc. No. 26.) At the hearing on the motion for preliminary approval, the
22 Court expressed concern regarding the proposed service award of $10,000.  Plaintiff filed
23 supplement briefing on July 6, 2020, which acknowledged that the Court may ultimately award
24 less than $10,000 at the time of final approval.  (Doc. No. 27 at 5.)

25      On July 10, 2020, the Court issued findings and recommendations regarding preliminary
26 approval of the class action settlement. (Doc. No. 28.)  An order adopting the findings and
27 recommendations issued on August 7, 2020.   (Doc. No. 32.)

28      On September 11, 2020, Plaintiff filed a motion for final approval of the class and

collective action settlement. (Doc. No. 36.)   Concurrent with the motion for final approval, Plaintiff filed the instant motion for the award of attorneys' fees and costs as well as a service award. (Doc. No. 35.)   By the motion, Plaintiff seeks an award of attorneys' fees in the amount of $51,250.00, representing 25% of the gross settlement amount, and reimbursement of litigation costs and expenses in the amount of $15,000.00. (Doc. No. 35-1 at 6-7.) Plaintiff also requests the Court approve payment of the service award in the amount of $10,000.00.  (*Id.* at 7.)

## II.    LEGAL STANDARD

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Additionally, because FLSA settlements require court approval, payment of attorneys' fees from settlement proceeds is also subject to review by the court. *See Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1104-05 (9th Cir. 2014) (reviewing an award of attorneys' fees under the FLSA); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1180 (S.D. Cal. 2016) ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award.") (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

In the Ninth Circuit, "courts typically calculate 25% of the common fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record for any 'special circumstances' that justify departure." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011) (citations omitted). The usual range for common fund attorney fees is between 20–30%. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  When applying the percentage of the common fund method in calculating attorney fees, courts use the "lodestar" method as a crosscheck to determine the reasonableness of the fee request. *See Vizcaino*, 290 F.3d at 1050. "Under the lodestar method, the prevailing attorneys are awarded an amount calculated by multiplying the hours they reasonably expended on the litigation times their reasonable hourly rates." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 981 (E.D. Cal. 2012) "This amount may be increased or decreased by a multiplier that reflects any factors not subsumed within the calculation, such as 'the quality of representation, the

3

benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *Id.* Where a lodestar is merely being used as a crosscheck, the court "may use a 'rough calculation of the lodestar.'" *Bond v. Ferguson Enters., Inc.*, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011) (quoting *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856 (C.D. Cal. July 21, 2008)).

With respect to litigation costs, "an award of expenses should be limited to typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary." *In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1177 (S.D. Cal. 2007). Reasonable expenses may be awarded for travel, postage, telephone, fax, notice, online legal research fees, mediation fees, filing fees and photocopies. *Id.*

Finally, incentive payments (service awards) are to be evaluated individually, and the court should look to factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).  A service award of $5,000.00 is presumptively reasonable, but courts have awarded higher amounts. *See, e.g., Davis v. Brown Shoe Co., Inc.*, 2015 WL 6697929, at *11 (E.D. Cal. Nov. 3, 2015) (approving $7,000.00 incentive award).

### III.  DISCUSSION

#### A.  Attorneys' Fees

The settlement in this action has resulted in a common fund of $205,000.  Class Counsel is seeking $51,250,000 in attorney fees, which is 25% of the gross settlement amount.  This is consistent with the benchmark and there have been no objections.

Additionally, Class Counsel Kyle Nordrehaug performed a lodestar cross-check using rates of $495 to $795 for partner attorneys, $395 to $575 for associate attorneys and $175 to $275 for paralegals.  This resulted in a lodestar value of $209,652.75. (Doc. No. 35-2, Nordrehaug Decl. at ¶ 8.)  The rates used by counsel are higher than those recently accepted in this district as reasonable.

4

Courts in the Fresno Division have accepted as reasonable for lodestar purposes hourly rates of between $370.00 and $495.00 for associates, and between $545.00 and $695.00 for senior counsel and partners. *See Amaro v. Gerawan Farming, Inc.*, No. 1:14-cv-00147-DAD-SAB, 2020 WL 6043936, at *9 (E.D. Cal. Oct. 13, 2020); *Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017); *see also Quiroz v. City of Ceres*, 2019 WL 1005071, at *7 (E.D. Cal. Mar. 1, 2019) (same). Plaintiff's counsel's lodestar crosscheck uses slightly higher rates.

Although not exact, a rough calculation using rates approved in this Division and the billing records submitted by counsel (excluding paralegal billing), the Court's lodestar calculation amounts to $189,654.25, which is well-above the requested 25% of the settlement fund. The rough calculation is as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| A.J. Bhowmik, Partner | 1.00 | Requested: $695<br>Applied: $695 | $695.00 |
| Charlotte James, Associate | 4.50 | Requested: $475<br>Applied: $475 | $2,137.50 |
| Jeff Herman, Associate | 5.80 | Requested: $475<br>Applied: $475 | $2,755.00 |
| Kyle Nordrehaug, Partner | 61.20 | Requested: $750<br>Applied: $695 | $42,534.00 |
| Molly Desario | 108.50 | Requested: $575<br>Applied: $495 | $53,707.50 |
| Norman Blumenthal, Partner | 25.75 | Requested: $695/795<br>Applied: $695 | $17,896.25 |
| Nick De Blouw, Partner | 42.70 | Requested: $395<br>Applied: $395 | $ 16,866.50 |
| Piya Mukherjee, Associate | 51.40 | Requested: $450/475<br>Applied: $475 | $24,415.00 |
| Rico Ehmann, Associate | 8.50 | Requested: $475<br>Applied: $375 | $3,187.50 |
| Victoria Rivapalacio, Associate | 53.60 | Requested: $475<br>Applied: $475 | $ 25,460.00 |
| | | **TOTAL:** | **$189,654.25** |

The Court will therefore recommend that Plaintiff's counsel be awarded attorneys' fees in the amount of $51,250.00, representing 25% of the settlement fund.

///

///

**B.     Costs**

Class Counsel asks for an award of $15,000 in costs, which is less than the expenses incurred of $18,853.32.  Plaintiff's Counsel represents that this amount includes costs incurred for filing fees, mediation fees and expenses, expert witness fees, attorney service charges, legal research charges, travel expenses, Bel Aire notice expenses and delivery charges.  Class Counsel has provided a Statement of Account.  (Doc. No. 35-2, Ex. 3.)  These costs appear to be reasonable and necessary. Notably, the amount sought is less than the $18,853.32 in total costs and expenses Plaintiff's counsel incurred in the course of this mattter. (*Id*.) The Court will therefore recommend that costs be awarded to Plaintiff's counsel in the amount of $15,000.00.

**C.     Service Award**

Plaintiff seeks a service award of $10,000.00, which is above the presumptively reasonable amount.  At the hearing on the motion for preliminary approval, the Court expressed concern that the amount of the service award appeared to be high. Plaintiff now contends that the service award sought is reasonable and cites awards in other cases of $10,000 or more.  (Doc. No. 35-1 at 22; Doc. No. 35-2, Nordrehaug Decl. at ¶ 11.) According to the moving papers, Plaintiff provided valuable information and documents from his employment that were instrumental in Class Counsel's understanding of the case.  Plaintiff worked on this matter for several years and was involved in the settlement negotiations.  (Doc. No. 35-1 at 21-22.)  Although the moving papers indicate that Plaintiff "is submitting his declaration in support of this request," (*Id.* at 22-23), no such declaration was filed.

A review of the record reveals that Plaintiff submitted a declaration in support of the motion for preliminary approval of the class settlement.  (Doc. No. 21-4.)  In that declaration, Plaintiff estimated that he spent between 60 and 70 hours working on this case.  (*Id.* at ¶ 11.) Additionally, Plaintiff explained that has been actively involved in this case, engaged in several discussions with counsel, spent considerable time gathering documents, providing information and answering questions.  (*Id.* at ¶ 6.)  He also reviewed the complaint, reviewed developments in the case, remained available for the mediation, and reviewed and signed the Memorandum of Understanding regarding the settlement and the Settlement Agreement.  (*Id.* at ¶¶ 6, 9, 10.)

6

Plaintiff further declared that he undertook risk in suing his former employer and understood that he was representing not only his interests, but also the interests of other truck drivers working in California for Defendant.  (*Id.* at ¶¶ 6, 7.)

Having considered Plaintiff's declaration in support of preliminary approval of the class action settlement, and in the absence of any additional information, the Court finds that the amount of time and effort Plaintiff invested in this matter should be compensated at a rate of $100.00 per hour and will recommend a service award for Plaintiff in the amount of $7,000.00. The Settlement Agreement provides that any court order awarding the class representative "less than the full amount of the Service Payment shall not be grounds to cancel the Settlement Agreement. Unapproved amounts shall be reallocated to the Net Settlement Amount." (Settlement Agreement at ¶ VI.)

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Award of Attorney Fees and Costs and Service Award (Doc. No. 35) be GRANTED IN PART AND DENIED IN PART as follows:

1. The Court finds and determines that the service award initially sought is not reasonable.  Having considered the work performed by Plaintiff Ubaldo Figueroa and presumptively reasonable awards, the Court recommends that the amount of $7,000.00 be paid to Plaintiff Ubaldo Figueroa as his service award, according to the terms set forth in the Settlement Agreement;

2. The Court finds that an award of attorneys' fees to Plaintiff's counsel in the amount of $51,250.00 falls within the range of reasonableness and the results achieved justify such an award. The Court further finds that this amount is fair, reasonable, and appropriate, and recommends that it be approved. The Court recommends that this amount be paid to class counsel in accordance with the Settlement Agreement; and

3. The Court finds that an award of costs to Plaintiff's counsel in the amount of $15,000.00 is reasonable. The Court recommends that this amount be paid to class counsel for litigation costs and expenses in accordance with the Settlement Agreement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 19, 2021**         /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE